PILLSBURY WINTHROP SHAW PITTMAN LLP
CRAIG A. BARBAROSH (State Bar No. 160224)
craig.barbarosh@pillsburylaw.com
MARK D. HOULE (State Bar No. 194861)
mark.houle@pillsburylaw.com
DAVID TABIBIAN (State Bar No. 251719)
david.tabibian@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Creditor,
Pacific Bell Telephone Company d/b/a AT&T California

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

(LOS ANGELES DIVISION)

| In re:<br><br>CONNECT TO COMMUNICATIONS,<br><br>Debtor. | Case No. 2:09-bk-43560 VZ<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AT&T'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, OR, IN THE ALTERNATIVE, FOR ADEQUATE ASSURANCE OF PAYMENT UNDER 11 U.S.C. § 366**<br><br>DATE:    To Be Determined<br>TIME:    To Be Determined<br>PLACE:   Courtroom 1368<br>         Roybal Federal Building<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |
|---|---|

Creditor PACIFIC BELL TELEPHONE COMPANY d/b/a AT&T CALIFORNIA ("AT&T") hereby submits its Memorandum of Points and Authorities in Support of its Motion for Relief from the Automatic Stay, or, in the alternative, for Adequate Assurance of Payment, against the debtor CONNECT TO COMMUNICATIONS ("Debtor").

## I. STATEMENT OF FACTS

Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code on November 30, 2009 (the "Petition Date"). On or about May 11, 2006, AT&T and Debtor entered into that certain Interconnection and/or Resale Agreement (the "IR Agreement"), attached as Exhibit "A" to the Supplemental Declaration of David J. Egan ("Egan Declaration") filed in support of the Motion. On or about May 15, 2006, AT&T and Debtor entered into that certain Commercial Agreement (the "Commercial Agreement"), attached as Exhibit "B" to the Egan Declaration filed in support of the Motion. The IR Agreement and the Commercial Agreement are collectively referred to herein as the "Agreements".

Pursuant to the Agreements, Debtor receives wholesale telecommunication services from AT&T under twenty-two (22) different accounts for which AT&T issues invoices to Debtor for payment on a monthly basis. Debtor's approximate monthly fees incurred under the IR Agreement are $27,000 and $94,000 under the Commercial Agreement.

Debtor has had a history of consistently missing and delaying payments for services received under the Agreements. As of January 22, 2010, Debtor owes a total of $626,230.92 to AT&T in prorated past due amounts. *See* Exhibit C to the Supplemental Declaration of David J. Egan ("Egan Declaration"). Of this amount, $520,298.39 represents amounts owing prior to the November 30, 2009 petition date, and $105,932.53 represents prorated post-petition amounts that are past due. *See* Exhibit C to Egan Declaration. Debtor has failed to make any considerable payments

1  to AT&T for Debtor's continued post-petition use of AT&T's telecommunications
2  services. To date, AT&T has received post-petition payments in the amount of only
3  $4,092.47. A post-petition payment history is attached as Exhibit "D" to the Egan
4  Declaration filed in support of the Motion. Given that Debtor's monthly invoices for
5  use of AT&T's services are approximately $121,000, AT&T is damaged each day in
6  the amount of approximately $4,000 due to Debtor's failure to make post-petition
7  payments or to provide AT&T with adequate assurance of payment under Section 366.
8       As a result, AT&T respectfully requests that this Court grant AT&T
9  prospective relief from the automatic stay under 11 U.S.C. § 362 and award
10 adequate protection under §366 and order that: (1) within 5 (five) business
11 days of entry of the Order, Debtor shall pay to AT&T all past due post-petition
12 amounts owing, which is currently in the amount of $105,932.53, (2) within
13 five (5) business days of entry of the Order, Debtor shall pay to AT&T a
14 deposit in the amount of $121,000 (approximately 1 month of average invoice
15 amount), and (3) AT&T shall have prospective relief from stay to terminate,
16 immediately and without further notice to the Court, the Debtor or any other
17 party, AT&T's wholesale telecommunication services to Debtor under the two
19 (2) specified service provider agreements if Debtor is more than ten (10) days
20 past due on any future invoice, <u>OR, IN THE ALTERNATIVE</u>, AT&T
21 respectfully requests that this Court grant AT&T relief from the automatic stay
22 under 11 U.S.C. § 362 to immediately terminate AT&T's wholesale
23 telecommunication services to Debtor under the two (2) specified service
24 provider agreements.
25 **II.   THE COURT SHOULD REQUIRE ADEQUATE ASSURANCE**
26 **OF PAYMENT UNDER § 366 AND CONDITIONAL RELIEF FROM STAY**
27 **UNDER SECTION 362.**
28      Subdivisions (b) and (c) of § 366 of the Bankruptcy Code provides, in relevant

part:

> "(b) Such utility [service provider] may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."

> "(c)(1)(B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment."

> "(c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility."

In this case, AT&T requests adequate assurance of payment under § 366 as a utility service provider in the form of (1) payment of all past due post-petition amounts owing, which is currently in the amount of $105,932.53 as of January 22, 2010, and (2) payment to AT&T of a deposit in the amount of $121,000 (approximately 1 month of average invoice amount). It has been well over thirty (30) days since the Debtor first filed its petition on November 30, 2009, and yet the Debtor has repeatedly failed to make any recent payments or give any adequate protection that it will anytime soon. In the meantime, the Debtor continues to reap the benefits of uninterrupted AT&T service without any consequence and at a great cost to AT&T.

In addition, based on the Debtor's failure to make any post-petition payments or provide adequate assurance of payment to AT&T, AT&T requests prospective relief from stay to terminate, immediately and without further notice to the Court, the Debtor or any other party, AT&T's wholesale telecommunication services to Debtor under the two (2) specified service provider agreements if Debtor is more than ten

(10) days past due on any future invoice. This relief is warranted to protect AT&T in the event Debtor fails to make future payments to AT&T and to prevent harm to AT&T in excess of the deposit amount.

### III. IN THE ALTERNATIVE, LACK OF ADEQUATE PROTECTION MANDATES RELIEF FROM STAY UNDER § 362

Subdivision (d) of § 362 of the Bankruptcy Code provides:

> "(d) On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization."

Cause exists to terminate the automatic stay because AT&T has no security interest or collateral under the Agreements and the Debtor has not provided any adequate protection to AT&T. *See In re Universal Motor Express, Inc.*, 72 B.R. 208, 211 (Bkrtcy. W.D.N.C. 1987). More importantly, Debtor currently owes a total of $105,932.53 to AT&T for services rendered post-petition, and Debtor has failed to make any post-petition payments to AT&T. Debtor continues to use and benefit from AT&T services without any payment or consequence. Debtor's approximate monthly invoices total $121,000, which equates to about $4,000 per day. AT&T should not be forced to bear the risk of nonpayment, particularly when it is incurring great expense every single day without any compensation whatsoever.

///

///

///

## IV. CONCLUSION

For the reasons set forth above, AT&T respectfully requests that this Court grant AT&T prospective relief from the automatic stay under 11 U.S.C. § 362 and award adequate protection under § 366 and order that:

1. Within 5 (five) business days of entry of the Order, Debtor shall pay to AT&T all past due post-petition amounts owing, which is currently in the amount of $105,932.53,

2. Within five (5) business days of entry of the Order, Debtor shall pay to AT&T a deposit in the amount of $121,000 (approximately 1 month of average invoice amount), and

3. AT&T shall have prospective relief from stay to terminate, immediately and without further notice to the Court, the Debtor or any other party, AT&T's wholesale telecommunication services to Debtor under the two (2) specified service provider agreements if Debtor is more than ten (10) days past due on any future invoice.

<u>In the alternative</u>, AT&T respectfully requests that this Court grant AT&T relief from the automatic stay under 11 U.S.C. § 362 to immediately terminate AT&T's wholesale telecommunication services to Debtor under the two (2) specified service provider agreements.

Dated: January 22, 2010

PILLSBURY WINTHROP SHAW PITTMAN LLP
CRAIG A. BARBAROSH
MARK D. HOULE
DAVID TABIBIAN

By: _____/s/ David Tabibian_____
David Tabibian, Esq.
Attorneys for Creditor,
Pacific Bell Telephone Company d/b/a AT&T California